## J. C. ELLIS *et al. v.* THE STATE.

1. BAIL.— A sheriff making an arrest for misdemeanor under a *capias* is authorized to take bail of the accused either in term-time or in vacation of the court.

2. JUDGMENT final on forfeiture of bail is erroneously entered when it appears that judgment *nisi* was not entered against the principal.

3. SAME — VARIANCE.— When it appears that the judgment *nisi* is

against the surety alone, and the *scire facias* recites a judgment against both the surety and the principal, the variance is fatal.

4. JUDGMENT.— Final judgment cannot stand that does not specify with certainty the amount adjudged.

5. SAME — PRACTICE.— In this case the record recites that a motion was made to correct the judgment *nisi*, yet it does not appear that the principal was in court, or that he had been served with notice of the motion; nor does it appear that the motion was made until after the entry of final judgment, nor that the correction of the judgment was made in fact, though the motion seems to have been granted by the judge. Under such circumstances final judgment on a forfeiture of bail bond cannot stand.

APPEAL from the County Court of Wilson. Tried below before the Hon. W. L. WORSHAM, County Judge.

The opinion discloses the case.

*A. J. Williams*, for the appellant.

*H. M. Holmes*, for the State.

WINKLER, J. The record recites in effect that J. C. Ellis was arrested by the sheriff on a *capias* issued by the clerk charging him with an assault and battery, and entered into bond, with R. W. Franklin as surety, in the sum of one hundred dollars, conditioned that he appear before the County Court of Wilson county, to answer an indictment to be exhibited against him for the offense. The appearance bond was dated November 3, 1874, approved by the sheriff without date, and filed November 3, 1874. The date of the bond and its having been filed the same day is sufficient, it not being controverted, to indicate that it was approved by the sheriff on the date it appears to have been executed by the obligors and filed by the clerk.

It is pretty plainly indicated that the County Court of Wilson county was in session at the time the appearance bond was taken, and hence the question arises whether the sheriff, when he arrested the defendant, had authority to take and approve the bond, or whether he should

not have taken him before the court, it being in session, and have caused him to enter into recognizance in open court to answer the charge preferred against him. If the crime for which the arrest was made had been a felony, and the arrest had been made in the county where the prosecution was pending, and during a term of the court from which the *capias* had issued, then the sheriff would have been prohibited by law from taking bail, and it would have been the duty of the sheriff or other officer making the arrest to forthwith bring the defendant before the court to be dealt with by the court, according to law. Code Crim. Proc. art. 466. But, "in cases of misdemeanor, any officer making an arrest under a *capias* may take bail of the defendant, either in term-time or in vacation." Code Crim. Proc. art. 470; Clark's Texas Crim. L. art. 1290.

Offenses are divided into felonies and misdemeanors (Clark's Texas Crim. L. art. 53), and are thus defined: "Every offense which is punishable by death, or by imprisonment in the penitentiary, either absolutely or as an alternative, is a felony; any other offense is a misdemeanor." Penal Code, art. 54. The punishment for a simple assault or assault and battery, the offense here charged, not being punished by death or by imprisonment in the penitentiary either absolutely or as an alternative, does not come within the definition of a felony and must be classed as a misdemeanor, the punishment being fixed when unattended with circumstances of aggravation, at a fine of not less than five nor more than twenty-five dollars. Penal Code, art. 495. The offense of which the defendant was charged, and for which he had been arrested under a *capias*, being a misdemeanor, the sheriff had authority under the law to take the bond of the defendant, either in term-time or in vacation.

The following errors, however, appear to have been committed in the court below, for which the judgment

must be reversed: 1. The judgment *nisi* was not entered against the principal. 2. There is a material variance between the judgment *nisi* and the *scire facias*, in this, the judgment *nisi* is against the surety alone, whilst the *sci. fa.* recites a judgment against both the principal and the surety. 3. The final judgment does not specify with certainty the sum of money adjudged; and 5, whilst the record recites that a motion was made to correct the judgment *nisi*, it does not appear that the principal was in court, or that he had been served with notice of the motion, nor does it appear that the motion was made until after the entry of final judgment, nor yet does it appear that the correction of the judgment was made in fact, though the motion seems to have been granted by the judge.

The judgment must be reversed, and the proceedings, going back to and including the forfeiture of the bond and the judgment *nisi*, are set aside, and a new trial awarded.

*Reversed and remanded.*